IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLOYD W. THOMAS, JR., individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIS-CHALMERS ENERGY, INC. and SEAWELL LIMITED,<br><br>Defendants. | Civil Action No.:<br><br>Complaint—Collective Action<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Floyd W. Thomas, Jr., on behalf of himself and similarly situated employees, brings this lawsuit against Defendants Allis-Chalmers Energy, Inc. and Seawell Limited, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### RELEVANT TIME PERIOD

3. The FLSA permits Plaintiff to recover unpaid wages and liquidated damages for up to three years prior to the commencement of this lawsuit. Accordingly, the allegations set forth herein concern Defendants' employment practices since November 30, 2007.

### PARTIES

4. Plaintiff Floyd W. Thomas, Jr. is an individual currently residing in Northport,

Alabama, and, pursuant to 29 U.S.C. § 216(b) has consented in writing to being a Plaintiff in this action.

5. Defendant Allis-Chalmers Energy, Inc. ("Allis-Chalmers") is a Delaware corporation headquartered in Houston, Texas that operates throughout the United States, including in this judicial district. Allis-Chalmers and its subsidiaries are an energy service company that provides services and equipment to oil and natural gas exploration and production companies throughout the United States including Texas, Louisiana, Pennsylvania, Arkansas, West Virginia, Oklahoma, Colorado, offshore in the Gulf of Mexico, and internationally. Allis-Chalmers operates in three sectors of the oil and natural gas service industry: Oilfield Services; Drilling and Completion; and Rental Services.

6. Defendant Seawell Limited ("Seawell") is a corporation headquartered in Houston, Texas and named as a Defendant solely as a successor in interest to Defendant Allis-Chalmers. Defendant Seawell entered into a merger agreement to acquire Defendant Allis-Chalmers on August 12, 2010. Pursuant to the merger agreement, Allis-Chalmers will merge with and become a wholly owned subsidiary of Seawell. The merger is expected to close between December 2010 and March 2011.

7. Defendants Allis-Chalmers and Seawell are referred to collectively as Defendants.

8. Allis-Chalmers employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Defendants' annual gross volume of business exceeds $500,000.

10. Defendants are not independently owned and controlled local enterprises within

the meaning of 29 U.S.C. § 207(b)(3).

11. Defendants are employers or successor employers within the meaning of 29 U.S.C.§ 203(d).

## THE CLASS DEFINITION

12. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants: all individuals employed by Defendants as an "Operator" or in a similarly titled position in the United States from November 29, 2007 to the present (the "Class").

## FACTS

13. From approximately June 2009 to August 2009, Plaintiff was employed as an Operator with Defendant Allis-Chalmers at its Mount Morris, Pennsylvania location.

14. Operators who work for Allis-Chalmers are primarily engaged in manual labor duties such as unloading, handling, hooking up and maintenance of oil and gas drilling equipment, such as fluid lines and air compressors.

15. Allis-Chalmers' Operators, including Plaintiff, are paid a daily rate and are classified as non-exempt from the overtime pay mandates of the FLSA.

16. The rigs on which Plaintiff and the Class work are not used as a means of transportation.

17. Allis-Chalmers' Operators, including Plaintiff, often work in excess of forty hours per week each week. In particular, Plaintiff estimates that he worked up to approximately twelve hours per day, seven days per week.

18. Allis-Chalmers did not pay Plaintiff any compensation for hours worked over forty per workweek.

19. Allis-Chalmers has acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to compensate Plaintiff and the Class for hours worked in excess of 40 during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Class, as described in paragraph 12 above.

21. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

22. Plaintiff and the Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Allis-Chalmers' previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Allis-Chalmers' common compensation, timekeeping and payroll practices.

23. Specifically, Allis-Chalmers paid Plaintiff and the Class a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by law.

24. The similarly situated employees are known to Allis-Chalmers, are readily identifiable and may be located through Allis-Chalmers' records. Allis-Chalmers employs many Operators throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
### Violation of the FLSA

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA requires that covered employees be compensated for every hour worked in the workweek. *See* 29 U.S.C. § 206(b).

27. The FLSA provides that, if an employee is paid a flat sum for a day's work, the employee is entitled to extra half-time pay at his regular rate (determined by dividing the total pay by the total hours actually worked) for all hours worked in excess of forty in the workweek. *See* 29 C.F.R. § 778.112.

28. During all relevant times, Plaintiff and the Class were covered employees entitled to the above-described FLSA protections.

29. Defendants violated the FLSA by failing to pay Plaintiff and the Class overtime pay.

30. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

 A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

 B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Class members;

 C. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

D. Liquidated damages to the fullest extent permitted under the law;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated: November 30, 2010

Respectfully submitted,

BERGER & MONTAGUE, P.C.

_/s/ Shanon J. Carson_

Shanon J. Carson (PA 85957)
Sarah R. Schalman-Bergen (PA 206211)
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000
(215) 875-4604 (Facsimile)
scarson@bm.net
sschalman-bergen@bm.net

David A. Hughes (ASB-3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL 35401
(205) 344-6690
(205) 344-6188 (Facsimile)
dhughes@hardinhughes.com

*Attorneys for Plaintiff*