# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| FLOYD W. THOMAS, JR., individually and on behalf of all persons similarly situated, | Civil Action No.:  2:10-cv-01591-RCM |
| Plaintiff, | Judge Robert C. Mitchell |
| v. | |
| ALLIS-CHALMERS ENERGY, INC. and AIRCOMP, LLC, | |
| Defendants. | |

## SETTLEMENT AGREEMENT AND RELEASE

1.      This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is entered into between Plaintiff Floyd W. Thomas, Jr. ("Mr. Thomas" or the "Named Plaintiff"), individually and on behalf of all persons similarly situated as defined below, and Defendants Allis-Chalmers Energy Inc. ("Allis-Chalmers") and Aircomp, LLC ("Aircomp"), by and through its successor Archer Underbalanced Services LLC (collectively, "Defendants"), subject to the approval of the Court.

## DEFINITIONS

2.      As used in this Settlement Agreement, the following terms shall have the following meanings:

a.      "CAFA Notice" means the notice to be sent by Defendants to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), within five (5) business days after the submission of this Settlement Agreement to the Court.

b.      "Claim Form" means the form provided to the State Settlement Class Members, who are not also Federal Settlement Class Members, for their submission in order to obtain a Settlement Award under this Settlement Agreement, as set forth in Exhibit B attached to this Settlement Agreement.

c.      "Claims Administrator" means Heffler, Radetich & Saitta LLP ("Heffler").

d.      "Claims Released" with respect to Mr. Thomas means any and all claims, demands, rights, liabilities, damages, penalties, liquidated damages, punitive damages, actions, causes of action and/or other legal responsibilities, in any form whatsoever, whether known or

unknown, unforeseen, unanticipated, unsuspected, or latent, that (a) have accrued prior to the date of approval of this settlement by the Court, and (b) have been or could have been asserted by Mr. Thomas, or an agent, successor, assign, heir, executor or administrator of Mr. Thomas, whether directly, indirectly, representatively, derivatively or in any other capacity, against Defendants, arising out of his employment with Defendants.  The Claims Released include, but are not limited to, all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), all claims for attorneys' fees, costs and expenses, and all claims under any other federal, state, or local law, whether arising or emanating from statute, executive order, rule, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and equity (including, restitution, unjust enrichment and quantum meruit), and including those claims that were asserted or could have been asserted in the above-captioned case, any claims that monies received from the settlement are compensation eligible for retirement or other employee benefit plans of Defendants, and all claims relating to, arising out of, or in any way connected with Mr. Thomas's former employment with Defendants, and the compensation or benefits payable in connection with that employment.

    e.  "Claims Submission Period" means the time period of sixty (60) days commencing on the date when the Class Notice and Claim Form are initially mailed to the State Settlement Class, in which they may submit their executed Claim Forms to receive a Settlement Award under this Settlement Agreement.  Federal Settlement Class Members are not required to resubmit a Claim Form, but will receive the Class Notice.

    f.  "Class and Collective Action" refers jointly to the above-captioned civil action, as amended, titled *Thomas v. Allis Chalmers Energy, Inc., et al.*, pending in the United States District Court for the Western District of Pennsylvania, No. 2:10-cv-01591-RCM, and *Thomas v. Allis Chalmers Energy, Inc., et al.*, No. 11-26253, currently pending in the Pennsylvania Court of Common Pleas, Allegheny County.

    g.  "Class Counsel" means Berger & Montague, P.C. and Hardin & Hughes, LLP.

    h.  "Class Notice" means the Notice of Proposed Class and Collective Action Settlement to be sent to the Settlement Class, pursuant to the terms of the Court's Preliminary Approval Order.  The Class Notice shall be substantially in the form attached as Exhibit A to this Settlement Agreement.

    i.  "Defendant" and "Allis-Chalmers Energy Inc." and "Allis-Chalmers" shall encompass Allis-Chalmers Energy Inc. and any current or former officer, director, owner, employee or shareholder of Allis-Chalmers Energy Inc.

    j.  "Defendant" and "Aircomp, LLC" and "Aircomp" shall encompass Aircomp, LLC, by and through its successor Archer Underbalanced Services LLC, and any current or former officer, director, owner, employee or shareholder of Aircomp, LLC, and Archer Underbalanced Services LLC.

k.      "Effective Date" means the date of final approval of this Settlement Agreement by the Court (the "Final Approval Order") and expiration of the time for filing or noticing any appeal of the Final Approval Order (*i.e.*, 30 days from the Final Approval Order or any extension of the time for appeal); or if an appeal is filed, the date of final affirmation of the Final Approval Order on any appeal; the expiration of the time for petitions for allowance of appeal; and, if the petition is granted, the date of final affirmation of the Final Approval Order following review pursuant to that grant or the date of final dismissal of any appeal or proceedings under appeal.

l.      "Eligible Class Member" means: a) all Federal Settlement Class Members; and b) all State Settlement Class Members who:  (1) do not opt out of the State Settlement Class; and (2) for State Settlement Class Members who are not also Federal Settlement Class Members, who complete and return a timely Claim Form to the Claims Administrator.

m.      "Federal Settlement Class" means all persons who opted-in to the above-captioned matter as an FLSA Opt-In Plaintiff.  A member of the Federal Settlement Class shall be referred to herein as a "Federal Settlement Class Member."  Defendants will provide a list of all such individuals, including their name, last known address, last known telephone number, and dates that each individual worked for Defendants while classified as non-exempt and paid pursuant to a daily rate compensation system.

n.       "Gross Settlement Amount" means the maximum amount that Defendants shall pay in exchange for the release of all Settled Claims by Mr. Thomas and the Federal Settlement Class Members and State Settlement Class Members, which is the sum of One Million, Nine Hundred Thousand Dollars and Zero Cents ($1,900,000.00), excluding the employers' share of FICA and FUTA payroll taxes.  In no event shall the Gross Settlement Amount exceed that sum, plus the employers' share of FICA and FUTA payroll taxes on the amounts paid to Eligible Class Members.

o.      "Implementation Schedule" means the dates agreed upon by counsel for the Parties and approved by the Court for implementing the Settlement Agreement.

p.      "Named Plaintiff" means Floyd W. Thomas, Jr. (also referred to as "Plaintiff").

q.      "Net Settlement Amount" means the Gross Settlement Amount less: (1) the total of Five Thousand Dollars ($5,000.00) set aside for the Named Plaintiff who has participated extensively in this case, for his efforts in bringing and prosecuting this matter, plus Fifteen Thousand Dollars ($15,000.00) in exchange for his Claims Released executed in favor of Defendants as set forth in paragraph 2(d); (2) the payment of attorneys' fees to Class Counsel, not to exceed Six Hundred and Thirty Three Thousand, Two Hundred and Seventy Dollars ($633,270.00) (which is approximately one third or 33.33% of the Gross Settlement Amount), and the payment of current out-of-pocket costs incurred by Class Counsel, which currently are $21,139.81; and (3) a maximum of Seventeen Thousand, Five Hundred Dollars ($17,500.00) for the Claims Administrator's estimated costs of the settlement administration.  Pursuant to this

Settlement Agreement, the Net Settlement Amount shall be approximately One Million, Two Hundred and Eight Thousand and Ninety Dollars and Nineteen Cents ($1,208,090.19).

r.      "Opt-In Plaintiff" means any person who opted into the above-captioned lawsuit by returning and filing an Opt-In Consent Form.

s.      "Parties" means the Named Plaintiff and Defendants.

t.      "Released Parties" means (i) Allis-Chalmers Energy Inc., Aircomp, LLC, and Archer Underbalanced Services LLC; (ii) any subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Allis-Chalmers Energy Inc., Aircomp, LLC, and Archer Underbalanced Services LLC; and (iii) any current or former officer, director, owner, employee or shareholder of an entity referenced in this paragraph.

u.      "Settled Claims" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, Pennsylvania common law or any other law applicable to the payment of wages, overtime or compensation, whether known or unknown, which were asserted, or could have been asserted in this Class and Collective Action against the Released Parties and which emanate from and are based upon the same facts set forth in the Class and Collective Action on behalf of the Federal Settlement Class Members and State Settlement Class Members (or their agents, successors, assigns, heirs, executors or administrators) with respect to the time that they were employed and classified by Allis-Chalmers Energy, Inc. and Aircomp, LLC as non-exempt, daily rate Operators or other non-exempt, daily rate positions.  However, no State Settlement Class Member shall be deemed to release claims under the FLSA unless they return a timely Class Member Claim and Opt-In Form.

v.      "Settlement Agreement" means this Agreement and all Exhibits attached to it.

w.      "Settlement Award" means the gross payment that each Eligible Class Member shall be entitled to receive pursuant to the terms of the Settlement Agreement.

x.      "State Settlement Class" means all individuals who are current or former employees of Defendants Allis-Chalmers Energy Inc. or AirComp, LLC (or its successor Archer Underbalanced Services LLC) who worked in the Commonwealth of Pennsylvania at any time between December 16, 2008 and August 28, 2011, who were classified as non-exempt and paid pursuant to a daily rate compensation system, including but not limited to Operators and those in similarly titled positions.  A list of all such individuals, including their name, last known address, last known telephone number, social security number, and dates and work weeks that each individual worked for Defendants while classified as non-exempt and paid pursuant to a daily rate compensation system, will be provided to the Claims Administrator.  A list of this

information excluding the social security numbers will be provided to Class Counsel.  A member of the State Settlement Class shall be referred to herein as a "State Settlement Class Member."

          y.     "Settlement Fairness Hearing" means the hearing to be requested by the Parties and conducted by the Court, following the expiration of the CAFA Notice Period, at which time the Parties will request the Court to approve the fairness, reasonableness, and adequacy of the terms and conditions of the proposed settlement and this Settlement Agreement and to enter an Order of Final Approval and Final Judgment (the "Final Approval Order").

## RECITALS

3.     Plaintiff Floyd W. Thomas, Jr. originally filed *Thomas v. Allis Chalmers Energy, Inc., et al.*, No. 2:10-cv-01591-RCM, in the United States District Court for the Western District of Pennsylvania on November 30, 2010 (the "Federal Case"), and originally filed *Thomas v. Allis Chalmers Energy, Inc., et al.*, No. 11-26253, in the Pennsylvania Court of Common Pleas, Allegheny County, on December 16, 2011 (the "State Case").  The Federal Case and State Case are jointly referred to as the Class and Collective Action pursuant to Paragraph 2(f) above.

4.     Plaintiff retained Class Counsel to pursue his legal claims in the Class and Collective Action.

5.     In the Class and Collective Action, Plaintiff alleged that Defendants failed to properly pay overtime compensation.  The Federal Case alleges claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the State Case alleges claims under the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, and Pennsylvania common law.

6.     Defendants deny that they have any liability for failing to pay overtime compensation to their non-exempt, daily rate employees.  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability or wrongdoing.

7.     On February 28, 2012, the Parties participated in mediation in Pittsburgh, Pennsylvania, overseen by former Magistrate Judge Ken Benson, an experienced mediator.  As a result of the mediation, and subsequent arms'-length negotiations, the Parties have agreed to settle this Class and Collective Action according to the terms of this Agreement.

8.     The Parties have conducted relevant discovery and investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the claims asserted against Defendants in the Class and Collective Action.  Based upon Class Counsel's investigation, legal evaluation and taking into account the contested legal and factual issues involved, including the Parties' assessment of the uncertainties of litigation and the relative benefits conferred upon the potential Federal and State Settlement Class Members pursuant to this Settlement Agreement, Class Counsel have concluded that the settlement with Defendants on the terms set forth in this Settlement Agreement is fair, reasonable, adequate and in the best interests of the Named Plaintiff and the State and Federal Settlement Class Members.

9.    The Parties recognize that notice to the State and Federal Settlement Class Members of the material terms of this Settlement Agreement, as well as Court approval of the Settlement Agreement, are required to effectuate the Settlement Agreement, and that the Settlement Agreement will not become operative until the Court grants final approval of it and the Settlement Agreement becomes effective.

10.    The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) with respect to the Federal Settlement Class Members, and class certification pursuant to Fed. R. Civ. P. 23 with respect to the State Settlement Class Members, have been and are met.

11.    NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned, that the Class and Collective Action shall be settled, subject to the approval of the Court, pursuant to the following terms and conditions:

## **RELEASES**

12.    Release.    It is hereby agreed, by and between the Named Plaintiff, Federal Settlement Class Members, State Settlement Class Members, and Defendants, through their counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, that upon entry of a final order approving this Settlement:

a.    Named Plaintiff Mr. Thomas shall be deemed to have released and forever discharged the Released Parties from any and all Claims Released.

b.    Each Federal Settlement Class Member, and each State Settlement Class Member who is sent the Class Notice and who does not timely opt out of the settlement, shall be deemed to have jointly and severally released and discharged the Released Parties from any and all Settled Claims.

13.    Release Language on Settlement Checks.    The Claims Administrator shall include the following release language on the back of each settlement check:

My signature or cashing of this check constitutes my release of Allis-Chalmers Energy Inc., Aircomp, LLC, Archer Underbalanced Services LLC, and any related parties as defined in the Settlement Agreement of all Settled Claims that I agreed to settle by submitting an Opt-In Consent Form or Claim Form to participate in the settlement of *Thomas v. Allis-Chalmers Energy, Inc. and Aircomp, LLC*, No. 2:10-cv-01591-RCM (W.D. Pa.) and/or *Thomas v. Allis Chalmers Energy, Inc., et al.*, No. 11-26253 (C.C.P. Allegheny Cty), namely, all federal, state or local claims for unpaid overtime during the time I was employed and classified by Allis-Chalmers Energy Inc. and AirComp, LLC and/or Archer Underbalanced Services LLC as a non-exempt, daily rate employee until [INSERT APPROVAL DATE OF SETTLEMENT].

**CONSOLIDATION, CERTIFICATION, NOTICE AND CLAIMS PROCESS**

14.     Consolidation of the State Case and Federal Case.   As part of this Settlement Agreement, the Parties agree to consolidate the claims asserted in the State Case into the Federal Case such that the Federal Case consists of both the claims asserted in the State Case by the State Settlement Class Members and the claims asserted in the Federal Case by the Federal Settlement Class Members.

15.     Second Amended Federal Complaint.  Plaintiff has prepared a Second Amended Class and Collective Action Complaint ("Second Amended Complaint") for the Federal Case, that pursuant to 28 U.S.C. § 1367(a), adds the state law claims asserted in the State Case by the State Settlement Class Members to the allegations in the Federal Case.  For settlement purposes only, the Second Amended Complaint will be filed with the Court as an attachment to this Settlement Agreement and will be deemed filed when the Court enters a Preliminary Approval Order.  A copy of the Second Amended Complaint is attached to this Settlement Agreement as Exhibit C.

16.      Request for Preliminary Approval Order.  Within five (5) business days after the execution of this Agreement, Plaintiffs will file with the Court an Unopposed Motion for Preliminary Approval of the Settlement Agreement, preliminarily approving the Settlement Agreement, certifying the State Settlement Class for settlement purposes only, allowing Plaintiff to file the Second Amended Complaint and deeming it filed, and setting the date for the Final Fairness Hearing.   The Preliminary Approval Order shall also provide for notice of the Settlement Agreement and related matters to be sent to the Federal and State Settlement Class Members as specified herein.

17.     Dismissal of State Case.   Within five (5) business days after entry of the Preliminary Approval Order by the Court, Plaintiff will withdraw his Complaint in the State Case.

18.     Class Notice.  Notice of this settlement shall be provided to the Federal and State Settlement Class Members.  The Parties agree that the proposed procedures for notice provide the best practicable notice to the Federal and State Settlement Class Members:

a.     The Claims Administrator shall be responsible for preparing, printing and mailing to all Federal and State Settlement Class Members the Class Notice, and to all State Settlement Class Members who are not members of the Federal Settlement Class the Claim Form attached to this Settlement Agreement as Exhibits A and B, as directed and approved by the Court.

b.     Within two (2) business days following the entry of a Preliminary Approval Order, the parties shall provide the Claims Administrator with the list of Federal and State Settlement Class Members as set forth above.

c.     In order to provide the best notice practicable, the Claims Administrator will do the following before mailing the Class Notice and Claim Form: (1) run the list of Federal

and State Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA"); and (2) perform address searches using public and proprietary electronic resources which collect their data from various sources such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus.

      d.     Within eight (8) business days after receiving the list of Federal and State Settlement Class Members, the Claims Administrator shall send a copy of the Class Notice substantially in the form attached hereto as Exhibit A to all Federal and State Settlement Class Members and a copy of the Claim Form substantially in the form attached hereto as Exhibit B to all State Settlement Class Members who are not members of the Federal Settlement Class, via first-class mail, postage prepaid, using the most current mailing address information available as set forth above, and the mailing shall include a self-addressed postage prepaid return envelope.

      e.     Any Class Notice and/or Claim Form returned to the Claims Administrator before the expiration of the Claims Submission Period as non-delivered shall be sent to the forwarding address affixed thereto.  If no forwarding address is provided, then the Claims Administrator shall perform a standard skip trace to attempt to determine the most current mailing address, and shall resend the Class Notice and/or Claim Form to that address.  The Claims Administrator may also call last-known telephone numbers (and telephone numbers updated through public and proprietary databases) of Federal and State Settlement Class Members whose Class Notice and/or Claim Form is returned as non-delivered to attempt to obtain their current addresses.

      f.     The Claims Administrator shall send a reminder postcard attached as Exhibit D, based on the language of the Class Notice, along with the same notice and claim form packet as previously sent, to all State Settlement Class Members who received a Claim Form but who have not yet submitted Claim Forms, on the first business day following twenty-one (21) days after the initial mailing.

      g.     No State Settlement Class Member shall have the right to obtain any payment through this Settlement Agreement unless they submit a completed Claim Form on or before the expiration of the Claims Submission Period.

      h.     Defendants may also provide notice of the settlement to, and communicate about the settlement with, all of their current employees, consistent with the terms and provisions of this Settlement Agreement, and may collect executed Claim Forms and provide them to the Claims Administrator.

     19.    <u>Requests for Exclusion</u>.  The Class Notice shall provide that State Settlement Class Members who wish to exclude themselves from the settlement must submit a written statement requesting exclusion from the settlement ("opt-out"), postmarked on or before the expiration of the Claims Submission Period.  Such written request for exclusion must contain the name, address, and telephone number of the person requesting exclusion.  The opt-out request must be personally signed by the State Settlement Class Member who seeks to opt out.  No opt-out request may be made on behalf of a group of State Settlement Class Members.  The opt-out request must be sent by mail to the Claims Administrator and must be timely postmarked to be

received on or before the expiration of the Claims Submission Period.  The postmark date of the mailing envelope shall be the exclusive means used to determine whether a request for exclusion (opt-out) has been timely submitted.   Any State Settlement Class Member who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not have any right to object, appeal, or comment on the Settlement Agreement.

20.    Objections.  The Class Notice shall provide that any Federal and State Settlement Class Members who wish to object to the settlement must mail a written statement of objection to the Claims Administrator on or before the expiration of the Claims Submission Period, including their name, address, and telephone number.  The postmark date of the mailing shall be the exclusive means for determining that a Notice of Objection is timely.  The Notice of Objection must state the basis for the objection.  Members of the Federal and State Settlement Class who fail to make timely objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

21.    Determination of Settlement Award Eligibility.   All Federal Settlement Class Members are automatically eligible to receive a Settlement Award because they have already affirmatively opted in and joined the litigation by returning their Opt-In Consent Form.  All State Settlement Class Members who submit a valid and timely Claim Form will be eligible to receive a Settlement Award based upon the number of weeks they worked for Defendants from December 16, 2008 through August 28, 2011.  The Class Notice and/or Claim Form shall include instructions on how to submit the Claim Form, and shall notify recipients that the Claim Form must be completed and postmarked by the expiration of the Claims Submission Period.

22.    Interim Report by the Claims Administrator.  No later than five (5) business days after the expiration of the Claims Submission Period, the Claims Administrator shall provide counsel for the Parties with a declaration setting forth: (a) due diligence and proof of mailing of the Class Notice and Claim Form; (b) the total number of Federal and State Settlement Class Members who were sent the Class Notice and/or Claim Form; (c) the total number of State Settlement Class Members who returned the Claim Form; (d) the total number of State Settlement Class Members who filed timely requests for exclusion or objections to the settlement, along with the complete copies of all requests for exclusion and objections received, including the postmark dates for each request for exclusion or objection; and (e) the total number of Federal Settlement Class Members who filed timely objections to the settlement, along with the complete copies of all objections received, including the postmark dates for each objection.

23.    Final Fairness Hearing and Final Judgment.  If the Court certifies a class and collective action for purposes of settlement and preliminarily approves this Agreement, the Parties shall jointly request that the Court schedule the Final Fairness Hearing to determine final approval of the settlement along with the amounts properly payable for attorneys' fees and costs and enter a Final Judgment and Order of Dismissal that provides as follows:

a.    certifying a Collective Action under § 216(b) of the FLSA and a class action under Fed. R. Civ. P. 23;

9

b.      finally approving the Settlement Agreement and its terms as being a fair, reasonable and adequate settlement of this action;

c.      directing that the settlement funds, including attorneys' fees and costs, be distributed in accordance with the terms of the Settlement Agreement;

d.      directing that this action be dismissed with prejudice and in full and final discharge of any and all Settled Claims and Claims Released; and

e.      Barring Named Plaintiff and all Eligible Class Members from instituting or participating in any class action relating to non-payment of overtime which asserts the same claims as the Settled Claims (or Claims Released, with respect to the Named Plaintiff only).

After entry of the Final Approval Order, the Court shall have continuing jurisdiction for purposes of addressing: (1) settlement administration matters; and (2) such post-Final Approval Order matters as may be appropriate under Court rules or as set forth in this Settlement Agreement.

## SETTLEMENT FUNDS AND AWARD CALCULATION

24.      Gross Settlement Amount.

a.      Deposit.      Within five (5) business days after the Effective Date, Defendants shall deliver the total amount of the Gross Settlement Amount to the Claims Administrator.  Upon receipt by the Claims Administrator, these funds shall be transferred immediately into a Qualified Settlement Fund pursuant to Internal Revenue Code Section 1.468B-1.   Within five (5) business days after submitting these funds to the Claims Administrator and receiving an election statement from the Claims Administrator, Defendants shall execute an election statement provided by the Claims Administrator which shall be affixed to the initial tax return of the Qualified Settlement Fund in order to establish the start date of the Qualified Settlement Fund.

b.      Disbursement by Claims Administrator.  All disbursements shall be made from the Qualified Settlement Fund account.  The Claims Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund Account.

c.      Interest.  The interest on the funds deposited by Defendants will inure *pro rata* to the Party or persons to whom the underlying funds are ultimately paid out.

25.      Payments.  Subject to the Court approval and for purposes of effectuating this Settlement Agreement, the following amounts shall be paid by the Claims Administrator from the Gross Settlement Amount:

a.      Service Award and Payment for Claims Released to Named Plaintiff. Subject to the Court's approval and in exchange for the release of all Claims Released, the Named Plaintiff shall receive Five Thousand Dollars ($5,000.00) for his efforts in bringing and prosecuting this matter, plus Fifteen Thousand Dollars ($15,000.00) in exchange for his Claims

Released executed in favor of Defendants as set forth in paragraph 2(d), above.  The Qualified Settlement Fund shall issue a Form 1099 for these payments.  These payments shall be made on the sixth business day following the Effective Date.

        b.      <u>Attorneys' Fees and Costs</u>.

        (i)      Subject to the Court's approval upon consideration of Class Counsel's Motion for Approval of Attorneys' Fees and Costs, Class Counsel's attorneys' fees shall be Six Hundred and Thirty Three Thousand, Two Hundred and Seventy Dollars ($633,270.00) (which is approximately one third or 33.33% of the Gross Settlement Amount), which will compensate Class Counsel for work already performed in this Class and Collective Action as well as all of the work remaining to be performed in this Class and Collective Action, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Class and Collective Action.  In addition, Class Counsel's costs are currently Twenty One Thousand, One Hundred and Thirty Nine Dollars and Eighty One Cents ($21,139.81), plus any costs incurred in documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Class and Collective Action.

        (ii)      The Claims Administrator shall pay the attorneys' fees and costs from the Qualified Settlement Fund on the sixth business day following the Effective Date.

        (iii)      The attorneys' fees and costs paid by Defendants pursuant to this Agreement shall constitute full satisfaction of Defendants' obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Class and Collective Action on behalf of the Named Plaintiff and/or any Federal or State Settlement Class Member, and shall relieve Defendants from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of the Named Plaintiff or Federal or State Settlement Class Member.

        (iv)      A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel.  Each firm constituting Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm.

        c.      <u>Costs of Administration</u>.  Claims Administration fees and costs shall not exceed Seventeen Thousand, Five Hundred Dollars ($17,500.00), and shall be paid from the Gross Settlement Amount as set forth in this Settlement Agreement.  Following the distribution of the settlement proceeds to the Federal and State Settlement Class Members, the Claims Administrator shall provide the Parties with a statement detailing the actual costs of administration.  To the extent that the amount reported does not exceed the currently projected funds set aside for estimated costs of administration, the remaining sums shall be deposited into the Qualified Settlement Fund.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement.

26.   <u>Settlement Awards to Eligible Class Members</u>.   All Eligible Class Members (including the Named Plaintiff) shall be paid a Settlement Award from the Net Settlement Amount.   The Claims Administrator, subject to Court approval, shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Eligible Class Members.

a.   All Eligible Class Members shall be treated the same for the purpose of calculating individual Settlement Awards, regardless of whether they are a Federal or State Settlement Class Member.   It is agreed and understood that once an individual qualifies as an Eligible Class Member, he/she shall be entitled to recover only a single Settlement Award and shall not receive a double recovery as a member of both the Federal Settlement Class and the State Settlement Class.

b.   As to Federal Settlement Class members, the Claims Administrator will calculate an award for each Federal Class Member based on the total number of weeks that the respective Federal Class Member worked for Defendants during the time period which is three years prior to his/her opt-in date and August 28, 2011.   As to State Settlement Class Members who submit a valid and timely Claim Form, the Claims Administrator will calculate an award for each class member based on the total number of weeks that the respective class member worked for Defendants during the time period between December 16, 2008 and August 28, 2011.   Each week shall equal one settlement share, and the total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure.   That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.   Each Eligible Class Member will receive a minimum amount of $250, regardless of the number of settlement shares allocated to that Eligible Class Member.   The formula for determining awards for Eligible Class Members shall be set forth in the Class Notice provided to all Federal and State Settlement Class Members.   All Settlement Award determinations shall be based on ADP payroll data which Defendant shall make available to the Claims Administrator and Class Counsel for this purpose.

c.   Settlement Awards shall be paid to the Eligible Class Members within fifteen (15) business days after the Effective Date.

d.   The Parties agree that fifty percent (50%) of each Settlement Award shall be treated as back wages paid by Defendants.   Accordingly, on each Settlement Award, the Claims Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to fifty percent (50%) of each Settlement Award distributed, and Defendants shall pay the employer's share of all required FICA and FUTA taxes on such amounts.   Defendants shall pay these taxes, which amounts shall be deposited into the Qualified Settlement Fund after the Settlement Awards are mailed to Opt-In Plaintiffs on the date specified in this Agreement, in addition to the Gross Settlement Amount.   Amounts withheld will be remitted by the Claims Administrator from the Qualified Settlement Fund to the appropriate governmental authorities.   The remaining fifty percent (50%) of each Settlement Award shall be treated by all Parties as non-wage penalties and liquidated damages, to be reported to the Federal and State Settlement Class Members on an IRS Form 1099, and shall not be subject to FICA and

FUTA withholding taxes.  Defendants shall cooperate with the Claims Administrator to provide payroll tax information to the Claims Administrator as shall be necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

        e.      The Claims Administrator shall provide counsel for all Parties with copies of all completed Claim Forms and a final report listing all State Settlement Class Members who submitted a timely and valid Claim Form, and the Settlement Award to be paid to each Federal and State Settlement Class Member, at least five (5) business days before the Settlement Awards are mailed.

        f.      All checks for Settlement Awards shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect.  All funds from checks not cashed will revert to the Qualified Settlement Fund maintained by the Claims Administrator.  The Claims Administrator will include with the checks a letter stating that the check must be cashed or deposited within 180 days or it will be cancelled.

      27.    <u>No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement</u>.  No person shall have any claim against Defendants or any of the Released Parties, the Named Plaintiff, the Opt-In Plaintiffs, the Federal and State Settlement Class Members, Class Counsel, Defendants' Counsel or the Claims Administrator based on distributions or payments made in accordance with this Settlement Agreement.

      28.    <u>Remaining Monies</u>.  The Parties agree that if, at the conclusion of the 180-day check void period set forth in Paragraph 26 above, there are any monies remaining in the Qualified Settlement Fund, those monies shall be paid to a *cy pres* non-profit organization- The United Way of Allegheny County.

<u>**DISPUTE RESOLUTION**</u>

      29.    Except as otherwise set forth herein, all disputes concerning the administration, interpretation, calculation or payment of settlement claims, or other disputes regarding compliance with this Settlement Agreement shall be resolved as follows:

        a.      If a Party at any time believes that another Party has breached or acted contrary to the Settlement Agreement, that Party shall notify the other Party in writing of the alleged violation, and such notification must be made within ten (10) days that the notifying Party knew or should have known of the alleged violation.

        b.      Upon receiving notice of the alleged violation or dispute, the responding Party shall have ten (10) business days to correct the alleged violation and/or respond to the initiating Party with the reasons why the Party disputes all or part of the allegation.

c.      If the response does not address the alleged violation to the initiating Party's satisfaction, the Parties shall negotiate in good faith for up to ten (10) business days to resolve their differences.

d.      If the Parties are unable to resolve their differences after the meet and confer process set forth above, either Party may file an appropriate motion for enforcement with the Court.

## EFFECT OF DISAPPROVAL OR TERMINATION OF SETTLEMENT

30.     If the Court declines to enter the Final Approval Order approving this Settlement Agreement, or if the Court enters the Final Approval Order and appellate review is sought and, on such review, the Final Approval Order is reversed, vacated or modified in substance, then this Settlement Agreement shall be void unless both parties to this Agreement, within ten (10) business days from the date of the mailing of such ruling provide written notice to the other party of their intent to proceed with the Settlement.

31.     In the event that thirty percent (30%) or more of the State Settlement Class Members timely submit notice of their request to be excluded from the settlement, Defendants shall have the right, in their sole discretion, to void this Agreement in its entirety.  Such right shall be exercised by written notice to Class Counsel within ten (10) business days after the Claims Administrator provides Defendants with the total number of State Settlement Class Members who filed timely requests for exclusion or objections to the settlement.

32.      In the event this Settlement Agreement is terminated, the parties to this Settlement Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to execution of this Settlement Agreement and they shall proceed in all respects as if this Settlement and related order had not been executed.  The entire Gross Settlement Amount shall be returned to Defendants except that Defendants will pay for any costs incurred by the Claims Administrator as of the date of the termination of the Settlement Agreement.

33.     Except as provided in paragraphs 30 or 31 above, no party shall have the right to terminate this Settlement Agreement.

## MISCELLANEOUS

34.     <u>Various Proceedings Stayed</u>.  The Parties agree to stay all proceedings in the Class and Collective Action, except such proceedings as may be necessary to implement and complete the Settlement Agreement.

35.     <u>No Admission of Liability</u>.  This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants of any fault or liability or wrongdoing.

36.     <u>Defense Fees and Costs</u>.  All of Defendants' own attorneys' fees and legal costs and expenses incurred in this Class and Collective Action shall be borne by Defendants from Defendants' separate funds and not from the Gross Settlement Amount.

37.     <u>Amendment or Waiver Only in Writing</u>.   Subject to Court approval, this Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.  No rights hereunder may be waived except in writing.

38.     <u>Complete Agreement</u>.  This Settlement Agreement and attached exhibits set forth the complete agreement between the Parties relating to the Settlement and any and all payments or obligations owed by Defendants to the Named Plaintiff, Federal and State Settlement Class Members, Class Counsel, or anyone else in connection with this Class and Collective Action.

39.     <u>Public Statement</u>.  The Parties and their counsel agree that they will not issue any press releases or hold any press conferences or initiate any contact with the press, media or any industry association about this case and/or the fact, amount or terms of the Settlement.  If the Parties or their counsel are contacted by the press, media or any industry association, they will respond only that the case has been amicably resolved to the Parties' mutual satisfaction.

40.     <u>Authorization to Execute Agreement and Effectuate Settlement and Agreement to Cooperate</u>.  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate the terms hereof, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.

41.     <u>Binding Upon Successors and Assigns</u>.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Released Parties and the Parties, as previously defined.

42.     <u>No Prior Assignment</u>.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

43.     <u>Governing Law</u>.  All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

44.     <u>Counterparts</u>.   This Settlement Agreement may be executed in one or more counterparts and by facsimile or email.  All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

45.     <u>Exhibits</u>.  The terms of this Settlement Agreement include the terms set forth in the attached exhibits, which are incorporated by this reference as though fully set forth herein. The exhibits to this Settlement Agreement are an integral part of the Settlement Agreement. Unless specifically provided otherwise in the exhibits to this Settlement Agreement, in the event of any conflict between the Settlement Agreement and the exhibits, the terms of the Settlement Agreement shall control.

46.     <u>Construction</u>.  The Parties believe the terms of the settlement as set forth in this Settlement Agreement are a fair, adequate and reasonable settlement of this Class and Collective Action and have arrived at this Settlement Agreement in arms-length negotiations, taking into account all relevant factors.  This Settlement Agreement has been drafted jointly by counsel for the Parties.  Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the Parties.

47.     <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

48.     <u>Agreement of Named Plaintiff</u>.  The Named Plaintiff agrees not to object to or appeal any of the terms of this Settlement Agreement.  Non-compliance by the Named Plaintiff with this paragraph shall be void and of no force or effect.  Any such objection shall therefore be void and of no force or effect.

49.     <u>No Signature Required by Federal and State Settlement Class Members on Settlement Agreement</u>.  Because the Federal and State Settlement Class Members are numerous, it is impossible or impractical to have each one execute this Settlement Agreement.  The Class Notice will advise all Federal and State Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Federal and State Settlement Class Member.

50.     <u>Titles and Captions of No Force</u>.  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of this 19th day of June, 2012:

**On Behalf of the Named Plaintiff**

Shanon J. Carson
Sarah R. Schalman-Bergen
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604
scarson@bm.net

David A. Hughes
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, AL 35401
Tel: (205) 344-6690
Fax: (205) 344-6188
dhughes@hardinhughes.com

Gary F. Lynch
**CARLSON LYNCH LTD**
231 Melville Lane
Sewickley, PA 15143
Tel:  (412) 749-1677
Fax:  (412) 749-1686
glynch@carlsonlynch.com

*Attorneys for Named Plaintiff and Opt-In Plaintiff*

Floyd W. Thomas, Jr., Named Plaintiff

**On Behalf of the Named Plaintiff**

_____

Shanon J. Carson
Sarah R. Schalman-Bergen
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-4656
Fax: (215) 875-4604
scarson@bm.net

_____

David A. Hughes
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, AL 35401
Tel: (205) 344-6690
Fax: (205) 344-6188
dhughes@hardinhughes.com

_____

Gary F. Lynch
**CARLSON LYNCH LTD**
231 Melville Lane
Sewickley, PA 15143
Tel:  (412) 749-1677
Fax:  (412) 749-1686
glynch@carlsonlynch.com

*Attorneys for Named Plaintiff and Opt-In Plaintiffs*

_____

Floyd W. Thomas, Jr., Named Plaintiff

On Behalf of Allis-Chalmers Energy Inc.

Name: MAX BOUTHILLETTE
Title: SR. VICE PRESIDENT & GENERAL COUNSEL

On Behalf of Aircomp, LLC now known as
Archer Underbalanced Services LLC

Name: MAX BOUTHILLETTE
Title: VICE PRESIDENT & SECRETARY

Patrick W. Ritchey
Kimberly A. Craver
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Telephone: (412) 288-3072
Facsimile: (412) 288-3063
pritchey@reedsmith.com
kcraver@reedsmith.com

*Attorneys for Defendants*

18

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLOYD W. THOMAS, JR., individually and on behalf of all persons similarly situated, | : | Civil Action No.:  2:10-cv-01591-RCM |
| | : | |
| Plaintiff, | : | Judge Robert C. Mitchell |
| | : | |
| v. | : | |
| | : | |
| ALLIS-CHALMERS ENERGY, INC. and AIRCOMP, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## NOTICE OF PROPOSED FLSA COLLECTIVE AND CLASS ACTION SETTLEMENT

**IMPORTANT:**     **Please Read This Notice Carefully.  This Notice Could Affect Your Legal Rights.  You Are Entitled To Money From This Settlement.**

**TO:**     **All individuals who are current or former employees of Defendants Allis-Chalmers Energy Inc. or AirComp, LLC (or its successor Archer Underbalanced Services LLC), and who previously opted in to the above-captioned matter as an FLSA Opt-In Plaintiff (the "FLSA Class");**

**and**

**All individuals who are current or former employees of Defendants Allis-Chalmers Energy Inc. or AirComp, LLC (or its successor Archer Underbalanced Services LLC) who worked in the Commonwealth of Pennsylvania at any time between December 16, 2008 and August 28, 2011, who were classified as non-exempt and paid pursuant to a daily rate compensation system, including but not limited to Operators and those in similarly titled positions, and who did not previously file an Opt-In Consent Form in the above-referenced matter (the "Pennsylvania Class").**

**RE:**     **Proposed class and collective action settlement for claims of unpaid overtime compensation**

## INTRODUCTION

The purpose of this Notice is to inform you of a proposed settlement in the above-captioned matter, entitled *Thomas v. Allis-Chalmers Energy, Inc., et al.*, pending in the United States District Court for the Western District of Pennsylvania, Civil Action No. 2:10-cv-01591-RCM (the "Lawsuit"), against Defendants Allis-Chalmers Energy, Inc. and Aircomp, LLC ("Defendants").  The Lawsuit is brought by Plaintiff Floyd W. Thomas, Jr. on behalf of current

and former employees who fit the definition of the FLSA Class and Pennsylvania Class set forth above.  The Lawsuit claims that Defendants violated federal law and Pennsylvania law by failing to properly pay overtime compensation to its non-exempt daily rate employees.  The Lawsuit claims that daily rate compensation systems are illegal when employees are not paid an overtime premium for all hours worked over forty (40) in a work week.

You received this Notice either because you already joined this litigation as an Opt-In Plaintiff (*i.e.*, you are an FLSA Class Member), or because Defendants' records indicate that you are a Pennsylvania Class Member as defined above.  All persons receiving this Notice may be affected by the legal proceedings in this action.

**THIS NOTICE IS TO INFORM YOU ABOUT:**

1.  THE STATUS OF THE LAWSUIT, INCLUDING A STATEMENT OF YOUR RIGHTS WITH RESPECT TO THE PROPOSED SETTLEMENT OF THE CASE;

2.  HOW YOU CAN RECEIVE YOUR SHARE OF THE SETTLEMENT FUNDS;

3.  YOUR OPTION TO FILE WITH THE COURT ANY OBJECTIONS YOU MAY HAVE TO THE SETTLEMENT;

4.  IF YOU ARE A PENNSYLVANIA CLASS MEMBER, YOUR OPTION TO EXCLUDE YOURSELF FROM THE PROPOSED SETTLEMENT BY "OPTING OUT"; AND

5.  THE ATTORNEYS' FEES AND COSTS THAT WILL BE REQUESTED BY CLASS COUNSEL.

| **1.     Why Should You Read This Notice?** |
|---|

This Notice tells of your rights to share in the monetary proceeds of this Settlement, exclude yourself or "opt-out" of the Settlement if you are a Pennsylvania Class Member, or object to the Settlement.  The United States District Court for the Western District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable.  The Court will hold a Final Settlement Fairness Hearing concerning the proposed Settlement on September 11, 2012 at 1:00 PM., before the Honorable Judge Mitchell of the United States District Court for the Western District of Pennsylvania, located at 700 Grant Street, Pittsburgh, PA 15219.

| **2.     What Is This Case About?  Description of the Lawsuit.** |
|---|

Plaintiff Floyd W. Thomas, Jr. originally filed the Lawsuit in the United States District Court for the Western District of Pennsylvania on November 30, 2010 (the "Federal Case"), and originally filed *Thomas v. Allis Chalmers Energy, Inc., et al.*, No. 11-26253, in the Pennsylvania Court of Common Pleas, Allegheny County, on December 16, 2011 (the "State Case").  The Federal Case and State Case are jointly referred to as the Lawsuit below.

Plaintiff retained Class Counsel to pursue his legal claims in this Lawsuit. Plaintiff alleged that Defendants failed to properly pay overtime compensation to those it classified as non-exempt, daily rate employees. The Federal Case alleged claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the State Case alleged claims under the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, and for unjust enrichment under Pennsylvania law. Defendants deny that they have any liability for failing to pay overtime compensation to their non-exempt, daily rate employees. The Settlement and all related documents are not and shall not be construed as an admission by Defendants of any fault, liability or wrongdoing.

Plaintiff's FLSA claims were alleged as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's Pennsylvania state law claims were alleged as a class action. The Federal Case and the State Case have now been combined in federal court as a result of the filing of a Second Amended Complaint that consolidates all claims in the United States District Court for the Western District of Pennsylvania.

On February 28, 2012, following a period of discovery, the Parties participated in mediation in Pittsburgh, Pennsylvania, overseen by an experienced mediator. As a result of the mediation, and subsequent negotiations, the Parties have agreed to settle this Lawsuit. The Court has now preliminarily approved the Settlement as fair and reasonable and authorized this Notice to be sent to you.

| | |
|---|---|
| **3.** | **Who Are the Attorneys Representing Plaintiff and the Class?** |

Plaintiff and the Class are represented by the following attorneys:

Shanon J. Carson, Esq.
Sarah R. Schalman-Bergen, Esq.
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Philadelphia 19103
Telephone: (215) 875-3053
Facsimile: (215) 875-4604
Email: scarson@bm.net
Email: sschalman-bergen@bm.net
Website: www.bergermontague.com

David A. Hughes, Esq.
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, AL 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
Email: dhughes@hardinhughes.com

| | |
|---|---|
| **4.** | **What Are My Rights?** |

- If you already opted into the Lawsuit at an earlier date (*i.e.*, you are a member of the FLSA Class), you will automatically get money from the Settlement.  Specifically, if you previously filled out and returned an Opt-In Consent Form, then you do not have to do anything to receive your share of the settlement proceeds, <u>and there is no Claim Form enclosed because you are already recognized as having made a claim</u>.

- If you are a member of the Pennsylvania Class and you did not previously fill out and return an Opt-In Consent Form, **<u>then you will only get money from the Settlement if you now timely fill out and mail the enclosed Class Member Claim and Opt-In Form to the  Claims Administrator at</u>**: Attn: Allis-Chalmers Class Action Settlement, Heffler, Radetich & Saitta LLP, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.

- If you worked for Defendants in the Commonwealth of Pennsylvania and you do not wish to be bound by the Settlement, you must submit a written exclusion from the settlement ("opt-out"), postmarked by _____, 2012 (60 days from the date this Notice was mailed).  The written request for exclusion from the settlement must contain your full name, address, and telephone number, and must be signed individually by you.  No opt-out request may be made on behalf of a group.  The opt-out request must be sent by mail to the Claims Administrator at: Attn: Allis-Chalmers Class Action Settlement, Heffler, Radetich & Saitta LLP, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.  **<u>Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon</u>**.

- If you received this Notice, and you wish to object to the Settlement, you must submit an objection, postmarked by _____, 2012 (60 days from the date this Notice was mailed), stating why you object to the settlement.  Your objection must state your full name, address and telephone number, and must be signed by you.  Any objection should be mailed to the Claims Administrator at:  Attn: Allis-Chalmers Class Action Settlement, Heffler, Radetich & Saitta LLP, 1515 Market Street, Suite 1700, Philadelphia, PA 19102.  If you submit a written objection, you may also, if you wish, appear at the Final Settlement Fairness Hearing set for September 11, 2012 at 1:00 PM before the Honorable Judge Mitchell of the United States District Court for the Western District of Pennsylvania located at 700 Grant Street, Pittsburgh, PA 15219, to discuss your objection with the Court and the parties to the Lawsuit.

If the proposed Settlement is approved by the Court at the Final Settlement Fairness Hearing on September 11, 2012, and you do not exclude yourself from the Settlement as discussed above, a Judgment will be entered by the Court that will dismiss your "Settled Claims" for unpaid overtime compensation against Defendants, as defined below:

> any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, penalties (including late payment penalties),

premium pay, interest, attorneys' fees, litigation costs, restitution or other compensation and relief arising under the FLSA, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, Pennsylvania common law or any other law applicable to the payment of wages, overtime or compensation, whether known or unknown, which were asserted, or could have been asserted in this Class and Collective Action against the Released Parties, based upon the same facts set forth in the Class and Collective Action on behalf of the Federal Settlement Class Members and State Settlement Class Members (or their agents, successors, assigns, heirs, executors or administrators) with respect to the time that they were employed and classified by Allis-Chalmers Energy, Inc. and Aircomp, LLC as non-exempt, daily rate Operators or other non-exempt, daily rate positions. However, no State Settlement Class Member shall be deemed to release claims under the FLSA unless they return a timely Class Member Claim and Opt-In Form.

The Judgment will resolve the "Settled Claims" to the extent provided in the Settlement Agreement and will permanently bar all Pennsylvania Class Members from prosecuting any and all such Pennsylvania claims against Defendants. However, if you did not previously submit an Opt-In Consent Form and you do not now submit a Class Member Claim and Opt-In Form, then any and all claims that you may have under the Fair Labor Standards Act are not released.

**5.      Can Defendants Retaliate Against Me for Participating in this Lawsuit?**

No. If you are a current employee of Defendants (or any successor of Defendants), your decision as to whether or not to participate in this Lawsuit will in no way affect your employment with Defendants. It is illegal for Defendants to take any adverse employment action against you as a result of your participating in this Lawsuit. In fact, Defendants encourage you to participate in this settlement and receive your share of the monetary proceeds.

**6.      How Much Can I Expect To Receive?**

Defendants have agreed to pay One Million, Nine Hundred Thousand Dollars ($1,900,000.00) to settle the Lawsuit. Deductions from this amount will be made to cover the attorneys' fees and costs for Class Counsel (see below), settlement administration costs estimated at $17,500.00, an enhancement payment of $5,000.00 to the Named Plaintiff (Floyd W. Thomas, Jr.) for his service to the Class, and a payment of $15,000.00 to the Named Plaintiff to resolve his individual claims. After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay all monetary Settlement Awards to persons who returned an Opt-In Consent Form or Class Member Claim and Opt-In Form (collectively, "Eligible Class Members").

Specifically, each Eligible Class Member's share of the Net Settlement Amount will be determined based on the total number of weeks that the respective Eligible Class Member

worked for Defendants during a specified time period.  Awards to Federal Class Members will be based on the total number of weeks that the respective Federal Class Member worked for Defendants during the time period which is three years prior to his/her opt in date and August 2011.  Awards to State Settlement Class Members will be based on the total number of weeks the respective State Class Member worked for Defendants during the time period between December 16, 2008 and August 28, 2011.  Each week shall equal one settlement share, and the total number of settlement shares for all Eligible Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure.  That figure will then be multiplied by each Eligible Class Member's number of settlement shares to determine the Eligible Class Member's Settlement Award.  Each Eligible Class Member will receive a minimum amount of $250, regardless of the number of settlement shares allocated to that Eligible Class Member.  All Settlement Award determinations shall be based on Defendants' personnel and payroll records.  All valid and timely claims will be paid from the Net Settlement Amount.  The Claims Administrator also will deduct applicable employee payroll taxes and withholdings from the Settlement payments.

**NOTE: YOU WILL ONLY GET MONEY FROM THE SETTLEMENT IF YOU PREVIOUSLY SIGNED AND RETURNED AN OPT-IN CONSENT FORM OR IF YOU NOW SUBMIT A VALID AND TIMELY CLASS MEMBER CLAIM AND OPT-IN FORM.**

**It is your responsibility to ensure that the Claims Administrator has timely received your claim.  You may contact the Claims Administrator at the toll-free number listed below to ensure that your claim has been received.  It is also your responsibility to keep a current address on file with the Claims Administrator to ensure receipt of your monetary Settlement Award.  If you fail to keep your address current, you may not receive your Settlement Award.**

| 7. | How Will the Attorneys for the Class Be Paid? |
|---|---|

Class Counsel will be paid from the settlement amount of $1,900,000.00.  You do not have to pay the attorneys who represent the Class separately.  The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the total value of the settlement (or $633,270.00), plus their out-of-pocket costs, which are presently $21,139.81.  Class Counsel will file with the Court a Motion for Attorneys' Fees and Costs.  The actual amount awarded will be determined by the Court.  The Court will hold a hearing on that Motion on the same day as the Final Settlement Fairness Hearing, on September 11, 2012 at 1:00 PM.

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact Class Counsel as listed above or the Claims Administrator at the toll-free telephone number listed at the end of this Notice or by email.  Please refer to the Allis-Chalmers Class Action Settlement.

Attn: Allis-Chalmers Class Action Settlement
Heffler, Radetich & Saitta LLP
1515 Market Street, Suite 1700

Philadelphia, PA 19102
Toll-Free Telephone Number:  _____
Facsimile Number:  _____
Email Address:  _____

## **<u>ADDITIONAL INFORMATION</u>**

This Notice only summarizes the Lawsuit, the Settlement and related matters.  For more information, you may inspect the Court files at the Office of the Clerk, United States District Court located at 700 Grant Street, Pittsburgh, PA 15219, from 9:00 a.m. to 5:00 p.m., Monday through Friday.  **PLEASE DO NOT TELEPHONE THE COURT FOR INFORMATION ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

Dated: June __, 2012

# Exhibit B

**Must be Postmarked No Later Than _____, 2012**

**MAIL TO:**
Attn: Allis-Chalmers Class Action Settlement
Heffler, Radetich & Saitta LLP
1515 Market Street, Suite 1700
Philadelphia, PA 19102
Toll-Free Telephone Number:  _____
Facsimile Number: _____
Email Address: _____

## CLASS ACTION CLAIM AND OPT-IN FORM

**CLAIMANT INFORMATION:**
[INSERT CLAIMANT NAME AND ADDRESS]

Claim No.:
If different than the preprinted data to the left, please print your correct legal name, current address and Social Security Number here:

Telephone No.:
Email Address:

Social Security No.: xxx-xx-[ INSERT]

*Thomas v. Allis-Chalmers Energy, Inc. and Aircomp, LLC*
Case No. 2:10-cv-01591-RCM (W.D. Pa.)

**TO SHARE IN THE MONETARY RECOVERY FOR THE ALLIS-CHALMERS OVERTIME SETTLEMENT, YOU MUST COMPLETE, SIGN AND RETURN THIS "CLASS MEMBER CLAIM AND OPT-IN FORM" AND IT MUST BE POSTMARKED NO LATER THAN _____, 2012.**

If your address changes, you must send the Claims Administrator your new address.  It is your responsibility to keep your address on file and up-to-date with the Claims Administrator so that you can be sure to receive your monetary settlement award.

By signing below, I certify that I was employed by Allis-Chalmers Energy, Inc. and/or Aircomp, LLC and was classified as a non-exempt, daily rate employee between December 16, 2008 and August 28, 2011; that my name, address, telephone number and Social Security Number or Tax Identification Number written above are correct; and that all other information that I have provided in this document is correct.

I also hereby consent and agree to join this lawsuit, and I hereby opt in to become a plaintiff in this lawsuit and consent to be bound by the collective action settlement of all "Settled Claims" as set forth in the Notice of Fair Labor Standards Act Settlement and the Settlement Agreement.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Date:_____          _____
                                                            Signature

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLOYD W. THOMAS, JR., individually and on behalf of all persons similarly situated, | Civil Action No.:  2:10-cv-01591-RCM |
| Plaintiff, | Judge Robert C. Mitchell |
| | Complaint— Class and Collective Action |
| v. | |
| ALLIS-CHALMERS ENERGY, INC., and AIRCOMP, LLC | Jury Trial Demanded |
| | ELECTRONICALLY FILED |
| Defendants. | |

**SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Floyd W. Thomas, Jr., by and through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Second Amended Class and Collective Action Complaint ("Second Amended Complaint") against Defendants Allis-Chalmers Energy, Inc. and AirComp, LLC ("Defendants").  The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

1.     Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to Plaintiff's claim occurred within this judicial district.

**PARTIES**

4.     Plaintiff Floyd W. Thomas, Jr. is an individual currently residing in Northport,

Alabama, and, pursuant to 29 U.S.C. § 216(b), has consented in writing to being a Plaintiff in this action.

5.      Defendant Allis-Chalmers Energy, Inc. ("Allis-Chalmers") is a Delaware corporation headquartered in Houston, Texas that operates throughout the United States, including in this judicial district.  Allis-Chalmers and its subsidiaries are an energy service company that provides services and equipment to oil and natural gas exploration and production companies throughout the United States including Texas, Louisiana, Pennsylvania, Arkansas, West Virginia, Oklahoma, Colorado, offshore in the Gulf of Mexico, and internationally.  Allis-Chalmers operates in three sectors of the oil and natural gas service industry: Oilfield Services; Drilling and Completion; and Rental Services.

6.      Defendant AirComp, LLC ("AirComp") is a wholly owned subsidiary of Allis-Chalmers Energy, Inc.  AirComp is headquartered in Houston, Texas and operates throughout the United States, including in this judicial district.

7.      Defendants Allis-Chalmers and AirComp are referred to collectively as Defendants.

8.      Allis-Chalmers employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9.      Allis-Chalmers' annual gross volume of business exceeds $500,000.

10.     AirComp employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-

207.

11.     AirComp's annual gross volume of business exceeds $500,000.

12.     Defendants are not independently owned and controlled local enterprises within

the meaning of 29 U.S.C. § 207(b)(3).

13.     Defendants are employers or joint employers within the meaning of 29 U.S.C.§

203(d).

## THE CLASS DEFINITIONS

14.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action

on behalf of the following class of potential opt-in litigants:

> All individuals who are current or former employees of Defendant Allis-Chalmers Energy, Inc. or AirComp, LLC (or its Successor Archer Underbalanced) in the United States at any time between November 30, 2007 and August 28, 2011, who were classified as nonexempt and paid pursuant to a daily rate compensation system, including but not limited to Operators and those in similarly titled positions (the "FLSA Class").

15.     Plaintiff also brings this lawsuit for Counts Two through Four as a class action

pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

> All individuals who are current or former employees of Defendant Allis-Chalmers Energy, Inc. or AirComp, LLC (or its Successor Archer Underbalanced) who worked in Pennsylvania at any time between November 30, 2007 and August 28, 2011, who were classified as nonexempt and paid pursuant to a daily rate compensation system, including but not limited to Operators and those in similarly titled positions (the "Pennsylvania Class").

## FACTS

16.     From approximately June 3, 2009 to August 2009, Plaintiff was employed as an

Operator with Defendants at their Mount Morris, Pennsylvania location.

17.     Operators who work for Defendants are primarily engaged in manual labor duties

such as unloading, handling, hooking up and maintenance of oil and gas drilling equipment, such

as fluid lines and air compressors.

18.     Allis-Chalmers has the power to hire Defendants' Operators.  Plaintiff completed his employment application with Allis-Chalmers, and, based on information and belief, Allis-Chalmers performed a background check on Plaintiff as a term and condition of his employment.

19.     Allis-Chalmers has the authority to control employment conditions of Defendants' Operators.  As an example of this authority, employee handbooks distributed to Defendants' Operators, including Plaintiff, were issued by Allis-Chalmers.  These employee handbooks set out the terms and conditions of employment with Defendants.

20.     Allis-Chalmers has the authority to determine rates and methods of payment for Defendants' Operators.  As an example of this authority, Allis-Chalmers issues earning statements and paychecks to Defendants' Operators in its name.  Allis-Chalmers also provides health insurance and related employee benefits to Defendants' Operators.

21.     Allis-Chalmers maintains employment records for Defendants' Operators, including, without limitation, information necessary to issue earnings statements and paychecks to Defendants' Operators, and information regarding Defendants' Operators' health insurance plan and related employee benefits.

22.     Defendants' Operators use equipment that is owned, either in whole or in part, by Allis-Chalmers.  Purchase orders for major purchases of equipment used by Defendants' Operators require pre-approval from management of Allis-Chalmers.

23.     The rigs on which Plaintiff and the Class work are not used as a means of transportation.

24.     Defendants' Operators, including Plaintiff, are paid a daily rate and are classified as non-exempt from the overtime pay mandates of the FLSA.

25.     Defendants' Operators, including Plaintiff, often work in excess of forty hours per

4

week each week.  In particular, Plaintiff estimates that he worked up to approximately twelve

hours per day, seven days per week.

26.     Defendants did not pay Plaintiff any compensation for hours worked over forty

per workweek.

27.     Defendants have acted willfully and with reckless disregard of clearly applicable

FLSA and state law provisions by failing to compensate Plaintiff and the Class for hours worked

in excess of 40 during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

28.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action

on behalf of the FLSA Class, as defined above.

29.     Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in

to this action pursuant to 29 U.S.C. § 216(b).

30.     Plaintiff and the FLSA Class are "similarly situated," as that term is used in 29

U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants'

previously described common business practices and, as a result of such practices, were not paid

the full and legally mandated overtime premium for hours worked over forty during the

workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*,

Defendants' common compensation, timekeeping and payroll practices.

31.     Specifically, Defendants paid Plaintiff and the FLSA Class a set amount of pay

per day, regardless of the number of hours worked, and failed to pay overtime as required by

law.

32.     The similarly situated employees are known to Defendants, are readily

identifiable, and may be located through Defendants' records.  Defendants employ many non-

exempt day rate employees throughout the United States.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

33.     Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class, as defined above.

34.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable.  According to Defendants' records, the number of Pennsylvania Class members exceeds 130.

35.     Plaintiff will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class. Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

36.     There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation:  whether Defendants have violated and continues to violate Pennsylvania law through their policy or practice of not paying their non-exempt day rate employees overtime compensation.

37.     Plaintiff's claims are typical of the claims of the Pennsylvania Class in the following ways:  1) Plaintiff is a member of the Pennsylvania Class; 2) Plaintiff's claims arise

6

out of the same policies, practices and course of conduct that form the basis of the claims of the

Pennsylvania Class; 3) Plaintiff's claims are based on the same legal and remedial theories as

those of the Pennsylvania Class and involve similar factual circumstances; 4) there are no

conflicts between the interests of Plaintiff and the Pennsylvania Class members; and 5) the

injuries suffered by Plaintiff are similar to the injuries suffered by the Pennsylvania Class

members.

38.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions

of law and fact common to the Pennsylvania Class predominate over any questions affecting

only individual Class members.

39.     Class action treatment is superior to the alternatives for the fair and efficient

adjudication of the controversy alleged herein. Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions

would entail.  No difficulties are likely to be encountered in the management of this class action

that would preclude its maintenance as a class action, and no superior alternative exists for the

fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable

from Defendant's own employment records.  Prosecution of separate actions by individual

members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications

with respect to individual Class members that would establish incompatible standards of conduct

for Defendants.

40.     A class action is superior to other available methods for adjudication of this

controversy because joinder of all members is impractical.  Furthermore, the amounts at stake for

many of the Pennsylvania Class members, while substantial, are not great enough to enable them

to maintain separate suits against Defendants.

41.     Without a class action, Defendants will likely retain the benefit of their wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I
## Violation of the FLSA

42.     All previous paragraphs are incorporated as though fully set forth herein.

43.     The FLSA requires that covered employees be compensated for every hour worked in the workweek.  *See* 29 U.S.C. § 206(b).

44.     The FLSA provides that, if an employee is paid a flat sum for a day's work, the employee is entitled to extra half-time pay at his regular rate (determined by dividing the total pay by the total hours actually worked) for all hours worked in excess of forty in the workweek. *See* 29 C.F.R. § 778.112.

45.     During all relevant times, Plaintiff and the FLSA Class were covered employees entitled to the above-described FLSA protections.

46.      Defendants violated the FLSA by failing to pay Plaintiff and the FLSA Class overtime pay.

47.     In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## Violation of the Pennsylvania Minimum Wage Act

48.     All previous paragraphs are incorporated as though fully set forth herein.

49.     The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for every hour worked in the workweek.  *See* 43 P.S. § 333.104.

8

50.     The PMWA provides that, if an employee is paid a flat sum for a day's work, the employee is entitled to extra half-time pay at his regular rate (determined by dividing the total pay by the total hours actually worked) for all hours worked in excess of forty in the workweek. *See* 34 Pa. Code. § 231.43(b).

51.     During all relevant times, Plaintiff and the Pennsylvania Class were covered employees entitled to the above-described PMWA protections.

52.      Defendants violated the PMWA by failing to pay Plaintiff and the Pennsylvania Class overtime pay.

53.     In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## COUNT III
### Violation of the Pennsylvania Wage Payment and Collection Law

54.     All previous paragraphs are incorporated as though fully set forth herein.

55.     The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees.  *See* 43 P.S. § 260.3.

56.     Defendants have intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiff and the Pennsylvania Class, in violation of Pennsylvania Code, 43 P.S. § 260.3.

57.     Defendants are not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiff and the Pennsylvania Class' wages that concern this lawsuit.

58.     Defendants do not have written authorization from any Plaintiff or Pennsylvania Class Member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

59.     Pursuant to 43 P.S. §§ 260.9 and 260.10, employers, such as Defendants, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

60.     Defendants have violated Pennsylvania law by failing to pay Plaintiffs and the Pennsylvania Class for all compensable time and by failing to pay Plaintiffs and the Pennsylvania Class for work time, including overtime, at the established rate.

**COUNT IV**
**Unjust Enrichment**

61.     All previous paragraphs are incorporated as though fully set forth herein.

62.     Defendants have received and benefited from the uncompensated labors of Plaintiff and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

63.     At all relevant times hereto, Defendants devised and implemented a plan to increase their earnings and profits by fostering a scheme of securing work from Plaintiff and the Pennsylvania Class without paying overtime compensation for all hours worked.

64.     Contrary to all good faith and fair dealing, Defendants induced Plaintiff and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

65.     By reason of having secured the work and efforts of Plaintiff and the Pennsylvania Class without paying overtime compensation as required by law, Defendants enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Pennsylvania Class.  Defendants retained and continue to retain such benefits contrary to the fundamental

10

principles of justice, equity, and good conscience.

66.     Accordingly, Plaintiff and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

C.     An order permitting this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the Pennsylvania Class;

D.     Back pay damages and prejudgment interest to the fullest extent permitted under the law;

D.     Liquidated damages to the fullest extent permitted under the law;

E.     Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

F.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  June 8, 2012                          Respectfully submitted,

                                             BERGER & MONTAGUE, P.C.

                                             /s Shanon J. Carson
                                             Shanon J. Carson (PA 85957)
                                             Sarah R. Schalman-Bergen (PA 206211)
                                             1622 Locust Street
                                             Philadelphia, PA  19103
                                             Telephone: (215) 875-3053
                                             Facsimile: (215) 875-4604

scarson@bm.net
sschalman-bergen@bm.net

David A. Hughes (ASB-3923-U82D)
HARDIN & HUGHES, LLP
2121 14th Street
Tuscaloosa, AL 35401
Telephone: (205) 344-6690
Facsimile: (205) 344-6188
dhughes@hardinhughes.com

*Attorneys for Plaintiff*

12

# EXHIBIT D

Allis-Chalmers Class Action Settlement
Heffler, Radetich & Saitta LLP
1515 Market Street, Suit 1700
Philadelphia, PA 19102
INSERT PHONE NUMBER

Dear Allis-Chalmers Class Action Settlement Class Member:

On DATE, you were mailed a Notice of Proposed FLSA Collective and Class Action Settlement, along with a Class Action Claim and Opt-In Form.  If you want to participate in and receive money from the Settlement, you must submit your Claim and Opt-In Form postmarked by DATE, to the Claims Administrator at the address above.  If you lost or misplaced the Claim and Opt-In Form, call the Claims Administrator at PHONE NUMBER to obtain another.